IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| KEVIN BORRELLI,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil No. 18-13657(RMB)<br><br>**OPINION** |

**APPEARANCES:**

BROSS & FRANKEL, P.A.
By: Richard Lowell Frankel, Esq.
725 Kenilworth Avenue
Cherry Hill, New Jersey 08002
    Counsel for Kevin Borrelli

SOCIAL SECURITY ADMINISTRATION, OFFICE OF GENERAL COUNSEL
By: Timothy Patrick Reiley, Special Assistant U.S. Attorney
P.O. Box 41777
Philadelphia, Pennsylvania 19101
    Counsel for Commissioner of Social Security

**RENÉE MARIE BUMB**, United States District Judge:

    This matter comes before the Court upon an appeal by Plaintiff Kevin Borrelli (the "Plaintiff") of the final determination of the Commissioner of Social Security (the "Commissioner"), denying Plaintiff's application for social security disability benefits. For the reasons set forth below, the Court will **VACATE** the decision of the Administrative Law

Judge (the "ALJ") and **REMAND** for proceedings consistent with this Opinion.

I.  **PROCEDURAL HISTORY**

On March 13, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), and for supplemental security income pursuant to Title XVI of the Act. In his application, Plaintiff alleges disability, beginning July 1, 2008, based on migraine headaches, back pain, anxiety, depression, posttraumatic stress disorder ("PTSD"), insomnia, and asthma. Plaintiff's claim was initially denied on December 1, 2014, and again denied upon reconsideration on March 3, 2015 [Record of Proceedings ("R.P.") at 12]. On July 6, 2017, Plaintiff testified at a formal hearing before Administrative Law Judge ("ALJ") Karen Shelton. At the hearing, Plaintiff was represented by his attorney, Alan Smeltzer.

On October 4, 2017, the ALJ issued a decision denying Plaintiff's claim for benefits, based on the ALJ's determination that "[t]he claimant is capable of performing past relevant work as a sniffer." [R.P. at 22]. The Appeals Council denied Plaintiff's request for review on July 6, 2018, rendering the ALJ's decision as final. [R.P. at 1]. This matter now comes

before the Court upon Plaintiff's appeal of the Commissioner's final determination.

## II. **STANDARD OF REVIEW**

When reviewing an ALJ's final decision regarding disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Hess v. Comm'r Soc. Sec., 931 F.3d 198, n. 10 (3d Cir. 2019); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Albert Einstein Med. Ctr. v. Sebelius, 566 F.3d 368, 372 (3d Cir. 2009).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Hess, 931 F.3d at n. 10 (citing Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The claimant bears the burden of proof at steps one through four, and the Commissioner of Social Security at step five. Hess, 931 F.3d at 201 (citing Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 634 (3d Cir. 2010). Recently in Hess, 931 F.3d at 201-02, the Third Circuit described the ALJ's role in the Commissioner's inquiry at each step of this analysis:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. Id. Otherwise, the ALJ moves on to step two.

At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." Id. §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.

At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" Smith, 631 F.3d at 634. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.

At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is no disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience [.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podeworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

### III. FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Plaintiff is a 31-

year-old male, but was 20 years old on the alleged disability onset date and 29 years old at the time of his hearing before the ALJ.  Plaintiff graduated high school and appears to have received some vocational electrician training.  At Plaintiff's administrative hearing in July 2017, the Vocational Expert ("VE") classified his only past relevant work as an unskilled "refinery laborer," which "was performed at a medium level." [R.P. at 53].

Plaintiff claims that he is disabled and unable to work due to a combination of both mental and physical impairments, including: migraine headaches, back pain, anxiety, depression, PTSD, insomnia, and asthma. [R.P. at 58].

### A.  *Plaintiff's Medical History and Testimony*

The record suggests that many of Plaintiff's ongoing medical issues stem from injuries suffered when he was assaulted with a baseball bat in 2004.  As a result of this attack, Plaintiff suffered a fractured skull, brain bleeding, and a blood clot in his brain, which required surgery and the insertion of titanium plates in the front and back of his skull.  At the administrative hearing, Plaintiff testified he now suffers from anxiety and depression, is afraid to leave his home, and cannot sleep at night because he is afraid that his attacker may break into his home. [R.P. at 44-45, 51].

6

Plaintiff has been treated with anti-depressants and anti-anxiety medication since at least 2008. [R.P. at 351]. In addition, one doctor assessed Plaintiff as having "moderate to severe" limitations, and another gave Plaintiff a Global Assessment of Functioning ("GAF") score of 50: indicating serious mental health symptoms. [R.P. at 20, 473, 484].

Plaintiff also testified that he suffers from debilitating migraines. [R.P. at 41-44]. Specifically, Plaintiff testified that the migraines occur "at least three times a week," and at least one migraine a week is so severe that he needs to seclude himself in a dark room with an ice pack for 24 hours. [R.P. at 42, 47]. According to the record, Plaintiff has been treated by his primary care physician for migraines since at least 2012. [R.P. at 411].

Finally, Plaintiff suffered a compression fracture in his spine in 2004. [R.P. at 437]. At his hearing, Plaintiff testified he had to use drugs to deal with the pain in his back, knees, and legs but was not currently seeing any specialist for his back because he lost health insurance coverage. [R.P. at 48-49].

### B. *The ALJ's Decision*

In her decision, the ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act, from his

7

alleged onset date through the date of the ALJ's decision. The ALJ found that Plaintiff suffers from severe impairments, but determined that he was not disabled under the Act.

At Step One of the sequential analysis the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, July 1, 2008. [R.P. at 14]. At Step Two, the ALJ determined that Plaintiff suffered from "the following severe impairments: migraine, cerebral trauma, affective and anxiety disorders." [R.P. at 14]. However, the ALJ stated that Plaintiff's vertebral fracture was not severe because his pain was controlled by medication and tested within normal limits on a back exam. [R.P. at 14].

At Step Three the ALJ determined that Plaintiff did not have an impairment that meets or is medically equivalent to the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At Step Four, the ALJ determined as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is able to understand, remember, and carry out simple, routine, and repetitive tasks; in a work environment free of fast paced production requirements; involving only simple, work-related decisions; with few, if any, work place changes. He can work for 2 hours before needing a break. He can have occasional contact with supervisors and coworkers in proximity, but not

>     on joint or shared tasks, and no contact with
>     the public.

[R.P. at 18].

In making this decision, the ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." [R.P. at 18]. Based on the above RFC, the ALJ found Plaintiff was "capable of performing past relevant work as a sniffer." [R.P. at 22].

The ALJ stated that she reached the RFC formulation, and decision, based on inconsistencies "regarding [the] frequency of migraines, and the claimant's ability to leave his home unattended." [R.P. at 19]. The ALJ placed significant weight on a note from Plaintiff's primary care doctor in July of 2015 "indicat[ing] the migraines [were] controlled." [R.P. at 18]. As for Plaintiff's alleged mental health impairments, the ALJ rejected a doctor's use of GAF scores as unreliable, citing an American Psychiatric Association publication from 2013. [R.P. at 20]. The ALJ then concluded that "the claimant [sic] functioning based upon his longitudinal medical history demonstrates a higher level of mental functioning that [sic] reflected in the 'snapshot' approach that [the doctor] provided in his assessment." [R.P. at 21]. Further, despite the record

showing treatment for anxiety and depression since at least 2008, the ALJ found Plaintiff's mental impairments "non-disabling at all times material to this decision," because "[t]he claimant has never been in formal treatment... and has never required an inpatient admission for treatment of the same." [R.P. at 21].

## IV. DISCUSSION

On appeal, Plaintiff argues that the ALJ's disability determination is not supported by substantial evidence because the ALJ failed to properly consider limitations stemming from Plaintiff's migraines in the RFC formulation [R.P. at 28]. In addition, according to Plaintiff, the ALJ failed to pose an accurate hypothetical to the Vocational Expert. Upon review, this Court also notes inconsistencies within the ALJ's evaluation of past "substantial gainful activity" and agrees with Plaintiff that remand is warranted.

### A. *Evaluation of Plaintiff's Migraines*

First, Plaintiff argues that remand is warranted because the ALJ's findings are not supported by substantial evidence. Specifically, Plaintiff asserts that the ALJ fails to sufficiently explain why she discounted evidence regarding the frequency and intensity of Plaintiff's migraines and failed to

properly consider the hypotheticals posed to the Vocational Expert. This Court agrees with Plaintiff.

In formulating the RFC, the ALJ is required to "weigh the credibility of the medical and non-medical evidence." Yensick v. Barnhart, 245 F. App'x 176, 181 (3d Cir. 2007)(citing Fargnoli v. Massanari, 247 F.3d 34, 41 (3d Cir. 2001)). "When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)(citing Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)).

At the administrative hearing, Plaintiff testified that his migraines have caused him to miss work and lose jobs. [R.P. at 41]. Plaintiff stated that he usually suffers multiple migraines a week and, generally, at least one renders him incapacitated by forcing him to remain in a dark room with an ice pack for at least twenty-four hours at a time. [R.P. at 42, 46]. Additionally, Plaintiff's primary care physician classified his migraines as particularly difficult to treat because they resulted from a traumatic brain injury and the titanium plates permanently inserted into his skull. [R.P. at 43].

Although the ALJ found that Plaintiff's migraines were a "severe impairment," the ALJ downplayed the impact of the migraines at Step 4 due to "inconsistencies in the evidence,

regarding frequency of migraines." [R.P. at 19]. Indeed, the evidence regarding the frequency of Plaintiff's migraines varied. Plaintiff's own testimony was somewhat inconsistent, stating that the frequency of his migraines can be as frequent as one to three times per week, or as infrequently as twice per month. Meanwhile, Plaintiff's mother stated that he gets migraines twice per week. Therefore, the ALJ concluded that Plaintiff's statements regarding "the intensity, persistence, and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." [R.P. at 18-19].

"Where an applicant for disability benefits complains of pain, that testimony may not be discredited on the basis of the ALJ's own medical judgment; it must be discredited by contradictory medical evidence." Cruz v. Comm'r of Soc. Sec., 244 F. App'x 475, 481 (3d Cir. 2007)(citing Kent v. Schweiker, 710 F.2d 110, 115 (3d Cir.1983). The Third Circuit has held that "it is well settled that 'an ALJ must give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not supported by objective evidence.'" Marshall v. Barnhart, 69 F. App'x 557, 560 (3d Cir. 2003)(quoting Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993)).

12

In this case, the ALJ did not clearly outline substantive, objective reasons for discounting the testimony about the impact of Plaintiff's migraines on his ability to work. The only objective evidence cited by the ALJ in support of her opinion was a note from Plaintiff's primary care doctor in July of 2015 "indicat[ing] the migraines [were] controlled." [R.P. at 18, 496]. However, a single doctor's note stating a condition is "controlled" does not prove that it has been resolved, especially when the record shows that Plaintiff has been consistently treated for migraines since at least 2012. In fact, at Plaintiff's next visit in August 2015, the same doctor prescribed a new medication to prevent migraines, [R.P. at 496], indicating that the migraines were not actually controlled.

The Court also notes that the ALJ failed to explain how she determined that Plaintiff suffered from fewer than two migraines per month. At the administrative hearing, the ALJ posed a hypothetical to the Vocational Expert, asking whether an individual with Plaintiff's RFC would be able to perform past work if "they would be absent two or more times per month" due to "migraines or other symptoms." [R.P. at 54]. Based on his "experience, education and research," the Vocational Expert answered that such a person would be unable to work in any capacity. [R.P. at 55].

Plaintiff and his mother provided somewhat inconsistent testimony, but the record demonstrates subjective complaints of migraines at least twice per month. To that end, the ALJ never explains how she determined that Plaintiff suffered from fewer than two migraines per month that would force him to miss work. This issue must be addressed on remand.

### B. *Inconsistencies Regarding "Substantial Gainful Activity"*

Second, the Court notes that the ALJ's RFC evaluation, which found that Plaintiff has "past relevant work as a sniffer," is inconsistent with the ALJ's finding that Plaintiff had not engaged in any "substantial gainful activity" since the alleged onset date. As previously noted, at Step 1, the ALJ found that Plaintiff had not engaged in any "substantial gainful activity" since the alleged disability onset date of July 1, 2008. However, in formulating the RFC at Step 4, the ALJ concluded that Plaintiff was "capable of performing past relevant work as a sniffer," a role in which Plaintiff only worked in during 2009. [R.P. at 22]. The ALJ also stated that Plaintiff "has worked since the alleged onset date, even earning substantial gainful activity." [R.P. at 19].

The ALJ's determinations at Step 1 and Step 4 are impossible to square. Under the Social Security Act, a claimant is not considered disabled if they have engaged in "substantial

14

gainful activity" for any period of time after the alleged onset date. See 20 C.F.R. § 404.1520(b).  "Past relevant work" is defined as work "done within the past 15 years, <u>that was substantial gainful activity</u>, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. 404.1560(b)(1) (emphasis added).  As such, "past relevant work" that takes place after the alleged onset date is necessarily "substantial gainful activity."

If Plaintiff's job as a "sniffer" in 2009 qualifies as "substantial gainful activity," as suggested in the ALJ's RFC formulation, then the ALJ's determination at Step 1 was incorrect. See <u>Russo v. Astrue</u>, 421 Fed.Appx. 184, 188 (3d Cir. 2011)(affirming ALJ's denial of social security benefits when the ALJ found the claimant engaged in substantial gainful activity for a period of time after the alleged disability onset date, precluding a disability finding for that period).  On the other hand, if the ALJ was correct that Plaintiff "has not engaged in substantial gainful activity since July 1, 2008," the ALJ should not have deemed Plaintiff's job in 2009 to be "past relevant work."  Absent past relevant work, the ALJ should have continued to Step 5 to evaluate whether Plaintiff could adjust to "other work."

This Court expresses no opinion whether Plaintiff's work as a "sniffer" amounts to "substantial gainful activity" since the

15

alleged disability onset date of July 1, 2008.  However, this inconsistency must be resolved on remand.

## V.   CONCLUSION

Although this Court does not express an opinion as to whether Plaintiff's impairments render him disabled, as defined by the Act, the Court finds that the ALJ committed reversible legal errors that warrant remand.  Indeed, on remand, the ALJ must (1) address the inconsistencies regarding Plaintiff's past "substantial gainful activity" and (2) discuss, in greater detail, whether objective medical evidence rebuts Plaintiff's subjective complaints regarding the frequency and intensity of his migraines.

For the reasons set forth herein, the Court will **VACATE** the ALJ's decision and **REMAND** for proceedings consistent with this Opinion.  An appropriate Order shall issue on this date.

**DATED:** September 26, 2019

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
